# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEVEN DOMINIC,

      Plaintiff,

v.                               Case No: 2:21-cv-394-SPC-NPM

STEPHEN R. GOLDMAN, ANN
V. GOLDMAN and ANN V.
GOLDMAN,

      Defendants.

_____/

## ORDER[1]

Before the Court is a *sua sponte* review of the Complaint (Doc. 1). District courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Plaintiff Steven Dominic filed this action— asserting federal-question jurisdiction. The Court disagrees.

Dominic contends this action is "intwined" with to an ongoing RICO case he filed against Defendants in New Hampshire. But his litigation in that case does not provide subject-matter jurisdiction here.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

What's more, Dominic says the Court has jurisdiction under 11 U.S.C. §§ 548 and 549. Federal jurisdiction extends to federal questions (i.e., "all civil actions arising under the Constitution, laws, or treaties of the United States"). 28 U.S.C. § 1331. But the federal statutes Dominic cites do not provide him a private right of action. Rather, those statutes permit a bankruptcy trustee or debtor in possession to avoid certain fraudulent transfers. There is no indication Dominic is a bankruptcy trustee or even a hint of any bankruptcy. So the statutes cited provide him with to right of action. *E.g.*, *Matter of Natchez Corp. of W. Va.*, 953 F.2d 184, 187 (5th Cir. 1992).[2] And they cannot serve as the basis for an action "arising under" federal law. *E.g.*, *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 (2020) ("In the mine run of cases, a suit arises under the law that creates the cause of action." (cleaned up)). While Dominic also brings a state-law claim, it does not confer jurisdiction and the parties are not diverse.

To be sure, courts liberally construe filings by pro se litigants, like Dominic. But where jurisdictional allegations are insufficient, the Court must dismiss. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

---

[2] *See also* *Surf N Sun Apts., Inc. v. Dempsey*, 253 B.R. 490, 492-94 (M.D. Fla. 1999); *In re New Century TRS Holdings, Inc.*, 505 B.R. 431, 439-40 (Bankr. D. Del. 2014); *In re Minn. Alpha Found.*, 122 B.R. 89, 95 (Bankr. D. Minn. 1990); *In re Van Brock*, 33 B.R. 546, 547 (Bank. S.D. Fla. 1983).

This, however, is not Dominic's only problem. The Complaint is a quintessential shotgun pleading. Both counts incorporate and adopt all preceding paragraphs, making the last count an amalgamation of the entire Complaint. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Even with that left aside, the Complaint contains many allegations related to the RICO case, which the pleading fails to connect to the claims alleged. So the Court dismisses on shotgun pleading grounds too. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Finally, the Court notes Dominic neither paid the filing fee nor moved to proceed *in forma pauperis*. He must do one of those if he wishes to pursue this action.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiff may file an amended complaint consistent with this Order **on or before June 7, 2021. The failure to do so will result in the case being closed without further notice**.

(3) Plaintiff must pay the filing fee or move to proceed in forma pauperis **on or before June 7, 2021. The failure to do so will result in the case being closed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 24, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record