UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN DOMINIC,

    Plaintiff,

v.                                     Case No: 2:21-cv-394-SPC-NPM

STEPHEN R. GOLDMAN, ANN
V. GOLDMAN and ANN V.
GOLDMAN,

    Defendants.
_____/

**ORDER**[1]

Before the Court is a *sua sponte* review of the case. Plaintiff filed a Complaint that failed to plead subject-matter jurisdiction. (Doc. 1). That was not his only problem. The Complaint was also a shotgun pleading, and it appeared Plaintiff failed to pay the filing fee or move to proceed *in forma pauperis*. So the Court (1) explained all these deficiencies, (2) dismissed the Complaint without prejudice (for lack of jurisdiction and shotgun pleading), then (3) allowed Plaintiff to amend and sort out the filing fee by June 7. (Doc. 6). In doing so, the Court warned that failure to comply "**will result in the**

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**case being closed without further notice**." (Doc. 6 at 3). The deadline came and went with no filing. The only word from Plaintiff was a letter sent to the Clerk's Office saying he did not intend to proceed with the action. (Doc. 7). As a result, the Court's Order becomes a final judgment, and the case is closed. *Auto. Alignment & Body Servs., Inc. v. State Farm*, 953 F.3d 707, 719-20 (11th Cir. 2020).

Relatedly, to the extent that Plaintiff paid the filing fee and seeks a refund in his letter, the request is denied. To start, parties cannot move for relief in the form of a letter. Local Rule 3.01(j) ("A party must not use a letter . . . to request relief."). What's more, the Clerk must "require the parties instituting any civil action . . . to pay a filing fee." 28 U.S.C. § 1914(a). Fee-paying litigants are not entitled to refunds simply because a case is dismissed or plaintiff chooses to stop prosecuting the action. *E.g.*, *In re Petricca*, No. 9:08-bk-16204-FMD, 2016 WL 4401031, at *2 (Bankr. M.D. Fla. Aug. 15, 2016) ("The Court's long-standing policy on refunding filing fees prohibits the refund of filing fees due upon filing, even if a party filed the case in error or the court dismissed the case.").[2]

Accordingly, it is now

---

[2] *See also* *Edwards v. Hillman*, No. 20-2753, 2021 WL 777749, at *2 (3d Cir. Mar. 1, 2021); *Wells v. Mateo*, No. 2:18-cv-109, 2020 WL 8838261, at *1 (S.D. Ga. June 10, 2020); *Morrison v. Jone*, No. 3:15-cv-588-J-39JBT, 2019 WL 1856996, at *1-2 (M.D. Fla. Apr. 25, 2019) (holding appellate filing fees not refundable despite party withdrawing appeal).

**ORDERED:**

(1) This action is **DISMISSED without prejudice**. The Court's May 24, 2021, Order (Doc. 6) constitutes a final judgment.

(2) Plaintiff's request for a refund of any filing fee (Doc. 7) is **DENIED**.

(3) The Clerk is **DIRECTED** to terminate any deadlines or motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record